THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
No. 10-cv-612

| | |
|---|---|
| Pamela D. Hall, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) Sessoms & Rogers, P.A. ) Richard J. De Giacomo, Jr., ) Lee C. Rogers, and ) Portfolio Recovery Associates, LLC, ) ) Defendants. ) | **CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. This action is brought by Plaintiff Pamela D. Hall, on behalf of herself and all others similarly situated, for statutory damages against Defendants Sessoms & Rogers, P.A., Richard J. De Giacomo, Jr., Lee C. Rogers, and Portfolio Recovery Associates, LLC, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district as all relevant events took place here.

Page 1

## PARTIES

3. Plaintiff Pamela D. Hall is an individual who resides in Sanford, North Carolina.

4. Ms. Hall is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Sessoms & Rogers, P.A. ("S&R") is a corporation organized under the laws of the State of North Carolina.

6. S&R is located at 3326 Chapel Hill Boulevard, Suite A-200, Durham, North Carolina.

7. S&R is a law firm.

8. S&R is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

9. S&R regularly attempts to collect consumer debts alleged to be due to another.

10. S&R was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

11. Defendant Richard J. De Giacomo, Jr. ("Mr. De Giacomo") is an attorney licensed by the State of North Carolina.

12. Mr. De Giacomo is a former employee of S&R.

13. Mr. De Giacomo is or was engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

14. Mr. De Giacomo regularly attempts or attempted to collect consumer debts alleged to be due to another.

15. Mr. De Giacomo was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

16. Defendant Lee C. Rogers ("Mr. Rogers") is an attorney licensed by the State of North Carolina.

17. Mr. Rogers is a partner at S&R.

18. S&R's website lists "Collections" as one of Mr. Rogers' practice areas.

19. Mr. Rogers is responsible for general firm management including legal compliance.

20. Mr. Rogers is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

21. Mr. Rogers regularly attempts to collect consumer debts alleged to be due to another.

22. Mr. Rogers is regularly engaged, directly and indirectly, in the collection of debts.

23. Mr. Rogers was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

24. Defendant Portfolio Recovery Associates, LLC ("Portfolio") is a limited liability company organized under the laws of Delaware with its principal place of business in Norfolk, Virginia.

25. Portfolio is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

26. Portfolio regularly attempts to collect consumer debts alleged to be due to another.

27. Portfolio has at all relevant times been licensed by as a collection agency by the North Carolina Department of Insurance.

28. Portfolio was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

29. Ms. Hall incurred an alleged debt to HSBC ("the Debt").

30. The Debt was incurred for personal, family, or household purchases, *i.e.*, a personal credit card used to make personal, family, and household purposes.

31. The Debt entered default.

32. Portfolio purchased or otherwise obtained the Debt after it entered default.

33. Portfolio retained S&R to assist them in the recovery of the Debt.

34. By correspondence dated September 24, 2009, S&R arranged for the preparation and transmittal of a form letter to Ms. Hall at her residence in an attempt to collect the Debt. An unsigned copy of S&R's September 24, 200, letter to Ms. Hall is attached hereto as Exhibit A.

35. Exhibit A contains:

> Re: Portfolio Recovery Associates, LLC

\*\*\*

Dear Ms. Hall:

> Please be advised that your HSBC account has been sold to and is now owned by Portfolio Recovery Associates, LLC. Our firm has been retained by Portfolio Recovery Associates, LLC to assist them in the recovery of that debt. Please take notice that the above referenced account is in default. Because of your default Portfolio Recovery Associates, LLC has declared the entire balance due and payable. The outstanding balance of the debt is $1,806.53. You should be aware, however, that interest may still be continuing to accrue on the account.

> Unless you dispute the validity of this debt, or any portion thereof in writing, within thirty days after receipt of this letter, we will assume that the debt is valid. If you notify us in writing within that period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment entered

> against you (if any) and mail a copy of such verification or judgment to you. Upon your written request, within the thirty day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor.
>
> ***
>
> Please be advised that this is an attempt to collect a debt, any information obtained will be used for that purpose, and this communication is sent to you in our capacity as a debt collector.
>
> Sincerely yours,
>
> SESSOMS & ROGERS, P.A.
>
> [signature of Mr. De Giacomo]
>
> Richard J. De Giacomo, Jr.

36. <u>Exhibit A</u> was the initial communication from S&R to Ms. Hall regarding the Debt.

37. <u>Exhibit A</u> was sent to Ms. Hall by S&R on behalf of Portfolio.

38. S&R did not send an additional communication to Ms. Hall regarding the Debt within five days of sending <u>Exhibit A</u>.

39. <u>Exhibit A</u> requires Ms. Hall to dispute the Debt "in writing" to prevent the Debt from being assumed valid.

40. The FDCPA does not require Ms. Hall to dispute the Debt "in writing" to prevent the Debt from being assumed valid.

41. Portfolio is liable for the conduct of its attorneys S&R.

42. During the past two years, S&R revised the form of its initial letter sent to consumers; the resulting letter is <u>Exhibit A</u>. Mr. Rogers exercised control over the revisions that resulted in the language contained in <u>Exhibit A</u>.

43. Mr. Rogers exercises control over the debt collection processes used by S&R.

44. Portfolio, S&R, Mr. De Giacomo, and Mr. Rogers sent <u>Exhibit A</u> in an attempt to collect a debt.

45. In sending <u>Exhibit A</u> to Ms. Hall, S&R acted as the agent of Portfolio.

## **DEFENDANTS' POLICIES AND PRACTICES**

46. It is the standard policy and practice of Defendants to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

47. It is the standard policy and practice of Defendants to threaten to take any action that cannot legally be taken or that is not intended to be taken.

48. It is the standard policy and practice of Defendants to require consumers to dispute a debt "in writing" to prevent the debt rom being assumed valid.

## **CLASS ALLEGATIONS**

49. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of North Carolina (ii) who were sent a letter from S&R and Mr. De Giacomo in the form of <u>Exhibit A</u> (iii) to recover a debt owned by Portfolio (iv) incurred for personal, family, or household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

50. The class is so numerous that joinder of all members is impractical.

51. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendants violated the FDCPA by:

A) using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10);

B) threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

C) requiring consumers to dispute their alleged debts "in writing" to prevent the debts from being assumed valid, in violation of 15 U.S.C. § 1692g(a)(3).

52. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by ministerial inspection of Defendants' records.

53. Plaintiff will fairly and adequately protect the interests of the class.

54. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

55. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendants' letter in the form of Exhibit A violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

56. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

57. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly

fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

58. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

59. Defendants' violations of the FDCPA include, but are not limited to:

   A) using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10);

   B) threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

   C) requiring consumers to dispute their alleged debts "in writing" to prevent the debts from being assumed valid, in violation of 15 U.S.C. § 1692g(a)(3).

60. As a result of Defendants' violations of the FDCPA, Plaintiff and the class members are entitled to a declaratory judgment and an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Pamela D. Hall requests that judgment be entered in her favor and in favor of the class against Defendants Sessoms & Rogers, P.A., Richard J. De Giacomo, Jr., Lee C. Rogers, and Portfolio Recovery Associates, LLC, for:

   A. Certification of this matter as a class action;

   B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   C. Declaratory judgment that Exhibit A violates the FDCPA;

   D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E. For such other relief as the Court may find to be just and proper.

This 9th day of August, 2010

        MARTIN ATTORNEY AT LAW, PLLC

        By: s/ Angela O. Martin
            Angela O. Martin, Esq.
            NC Bar 34951
            Martin Attorney at Law, PLLC
            1911 Keller Andrews Road
            Sanford, North Carolina 27330
            (919) 708-7477, FAX: (888) 872-4232
            angela@angelamartinlaw.com

        HORWITZ, HORWITZ & ASSOCIATES, LTD.

            Craig M. Shapiro
            IL Bar 6284475
            O. Randolph Bragg
            IL Bar 6229183
            25 East Washington Street Suite 900
            Chicago, Illinois 60602
            (312) 372-8822, FAX: (312) 372-1673
            craig@horwitzlaw.com
            rand@horwitzlaw.com
            LR 83.1(e) Counsel by Special Appearance

        ATTORNEYS FOR PLAINTIFF PAMELA D. HALL