IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
PAMELA D. HALL, on behalf of      )
herself and all others similarly  )
situated,                         )
                                  )
                Plaintiff,        )
                                  )
v.                                )        1:10-CV-612
                                  )
SESSOMS & ROGERS, P.A., RICHARD   )
J. DE GIACOMO, JR., LEE C. ROGERS,)
and PORTFOLIO RECOVERY            )
ASSOCIATES, LLC,                  )
                                  )
                Defendants.       )
_____)
```

**ORDER GRANTING CLASS CERTIFICATON AND
<u>PRELIMINARY APPROVAL OF ACCEPTED OFFER OF JUDGMENT</u>**

This matter is before the court on the Joint Motion for Class Certification and Preliminary Approval of Accepted Offer of Judgment filed by Plaintiff Pamela D. Hall ("Plaintiff") and Defendants Sessoms & Rogers, P.A., Richard J. De Giacomo, Jr., Lee C. Rogers, and Portfolio Recovery Associates, LLC, ("Defendants"). (Doc. 30.) Pending before the court as well is the unopposed motion to substitute Joseph A. Bledsoe, III, Esquire, as counsel for Angela O. Martin, Esquire, who seeks to withdraw. (Docs. 35, 37.)

A settlement class must meet the certification requirements of Rule 23(a) and, in this case, Rule 23(b)(3) of the Federal

Rules of Civil Procedure. The court has reviewed the parties' submissions that address, for settlement purposes, the four prerequisites of Rule 23(a) and the requirements of Rule 23(b)(3), and the court finds that the requirements have been satisfied for the purposes of this Order.

The court has reviewed the Accepted Offer of Judgment and the record with respect to a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms, and finds that preliminary approval is appropriate. The court has also reviewed the proposed "Notice of Class Action and Proposed Judgment" ("Notice") as well as the proposed means of providing notice to the class. The court finds they meet the notification requirements of Rule 23, subject to modification of the Notice as set out below.

Based on the representations to the court, the agreement between the parties, and for good cause shown,

IT IS HEREBY ORDERED as follows:

1. The Accepted Offer of Judgment (Doc. 24-1), as it is within the range of reasonableness and based on the court's findings set out above, is PRELIMINARILY APPROVED.

2. For the purposes of settlement, the court certifies a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) defined as:

> (i) all persons with addresses within the state of North Carolina (ii) who were sent a

letter from Sessoms & Rogers, P.A., and Richard J. De Giacomo, Jr., in the form of Exhibit A (attached to the Class Action Complaint (Doc. 1-1)) (iii) to recover a debt owned by Portfolio Recovery Associates, LLC (iv) incurred for personal, family, or household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one year prior to the filing of the Class Action Complaint in this case through the date of class certification.

3. Plaintiff Pamela D. Hall is appointed as class representative. The consent motion of Angela O. Martin, Esquire, to withdraw (Doc. 35) and the unopposed motion to substitute Joseph A. Bledsoe, III, as plaintiffs' co-counsel (Doc. 37), are GRANTED. Joseph A. Bledsoe, III, and Craig M. Shapiro are appointed as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

4. A hearing on the fairness, reasonableness and adequacy of the Judgment and whether final approval shall be given is set for October 18, 2011, at 9:30 a.m., United States Courthouse, Courtroom 2, 251 North Main Street, Winston-Salem, North Carolina.

5. The court approves the proposed form of Notice of Class Action and Proposed Judgment (Doc. 30-2), provided the following modifications are made: (a) the class definition in the Notice shall be amended to conform to the class definition in this Order; (b) in numbered paragraph 4, delete the comma

3

after "Judgment" on the second line and in the third sentence from the end (in bold) change "should appear at the hearing" to "may appear at the hearing"; (c) in the paragraph following numbered paragraph 4, add a comma after "it" on the third line; (d) all references to the address of the Clerk of the United States District Court for the Middle District of North Carolina (including numbered paragraph 4 and the paragraph under "Availability of Filed Pleadings") shall be changed to "324 West Market Street, Suite 401, Greensboro, N.C. 27401"; (e) in the section labeled "Class Recovery, Attorney's Fees and Relief to Plaintiff," change the semicolon after "follows" to a colon; (f) all blank dates shall be completed to conform to the dates set out in this Order, the blank courtroom number shall be conformed to the location set out in paragraph 4 above (Courtroom 2 in Winston-Salem), and the approximate amount each class member will receive shall be completed to correspond to the $7,000 generally available to class members divided by the total number of class members at this time (which the record indicates is approximately 1,000 members); and (g) all references to Angela O. Martin, Esquire, shall be replaced by Joseph A. Bledsoe, III.

6. The approved Notice to the class shall be directed to the last known address of the class members as shown on Defendants' records, provided that in the case any Notice is

4

returned as undeliverable because of an incorrect or out-of-date address, the parties shall, under the conditions noted below, undertake a reasonable search for a corrected address and then re-mail the Notice to any new address ascertained.  To facilitate mailing the Notice, Defendants shall provide the names and addresses as shown on Defendants' records in non-confidential format to Plaintiff's counsel within ten (10) days of this Order.  Plaintiff will arrange for First Class, Inc., to (a) mail the Notice to class members on or before July 22, 2011, and (b) upon this court's entry of an Order Granting Final Approval of the Accepted Offer of Judgment and its entry of Judgment pursuant to Federal Rule of Civil Procedure 23(c)(3), for payments to be distributed pursuant to the Judgment to those members of the class defined above in paragraph 2.  As contained in the Accepted Offer of Judgment, Defendants shall bear the costs of class administration.  Plaintiff's counsel shall provide the invoices of First Class, Inc., to Defendants' counsel within 48 hours of receipt; Defendants shall pay First Class, Inc., at least seven (7) days in advance of the services necessitating such costs.

    7.  The court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice

5

satisfies the requirements of due process and Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1).

8. Any class member who desires to opt out or be excluded from the settlement must mail a request for exclusion to Class Counsel postmarked by September 23, 2011. The request must contain the person's name, address, and the name and number of this case.

9. Class members shall have until September 30, 2011, to enter an appearance or object to the proposed settlement. Any class member who wishes to object to the settlement must submit an objection in writing to both the Clerk of Court and Class Counsel by September 30, 2011. If mailed, such objections must be postmarked by September 30, 2011. Any objection must include the name and address of the objector, the name and number of the case, and a statement of the reasons why the objector believes the court should find that the proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may, but need not, appear at the hearing and be heard on the fairness of the settlement.

                                              /s/    Thomas D. Schroeder
                                        United States District Judge

June 27, 2011