IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
PAMELA D. HALL, on behalf of  )
Herself and all others        )
similarly situated,           )
                              )
            Plaintiff,        )
                              )
    v.                        )       1:10CV612
                              )
SESSOMS & ROGERS, P.A.,       )
RICHARD J. De GIACOMO, Jr.,   )
LEE C. ROGERS, and            )
PORTFOLIO RECOVERY            )
ASSOCIATES, LLC,              )
                              )
            Defendants.       )
```

**ORDER GRANTING FINAL APPROVAL**
**OF ACCEPTED OFFER OF JUDGMENT**

This matter is before the court to determine final approval of the Accepted Offer of Judgment in this class action, pursuant to this court's June 27, 2011 Order Granting Class Certification and Preliminary Approval of Accepted Offer of Judgment (Doc. 38), and Plaintiff's Motion for an Award of Costs and Attorney Fees (Doc. 47). The matter has been fully briefed, and a fairness hearing was held on October 18, 2011.

After the fairness hearing and prompted by this court, Defendants provided notice of the proposed class action settlement to the Attorney General of the United States and the Attorney General of North Carolina pursuant to 28 U.S.C. § 1715. (Doc. 43.) The 90-day period provided for a response has

expired.  (See Doc. 54.)  No response has been received, and this matter is ready for final resolution.

The Accepted Offer of Judgment contemplates damages to Plaintiff Pamela D. Hall and the class members, payment of the costs of class administration, reasonable litigation costs and attorneys' fees.

The court, being fully advised in the premises, hereby finds as follows:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1692k.

2. As noted in the court's prior Order, for purposes of settlement, class certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is appropriate in this case. Specifically, the court finds that joinder of the individuals identified as potential class members into this litigation would be impractical (Fed. R. Civ. P. 23(a)(1)), class members share a common and predominant issue insofar as each alleges that Defendants sent a letter to collect a debt owned by Portfolio Recovery Associates, LLC, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Fed. R. Civ. P. 23(a)(2) and (b)(3)), Plaintiff's claims are typical of those of class members (Fed. R. Civ. P. 23(a)(3)), Plaintiff has pursued this litigation vigorously and retained counsel capable of prosecuting the claims without conflict (Fed.

R. Civ. P. 23(a)(4)), and class resolution is superior to other claim methods because dealing with the class members' claims in a single proceeding will conserve judicial resources and avoid inconsistent results (Fed. R. Civ. P. 23(b)(3)).

3.  Actual notice was sent by the firm of First Class, Inc., the third-party class administrator, via first-class mail to one thousand forty-eight (1,048) class members. One hundred forty (140) notices were returned by the United States Postal Service with no forwarding address; and twenty-four (24) notices were returned by the United States Postal Service with a forwarding address and re-mailed by First Class, Inc. First Class, Inc., received no objections or requests for exclusions. However, Class Counsel received two requests for exclusion from the class, from Steven A. DeCanio and Karen Ward.

4.  The provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

5.  The Accepted Offer of Judgment is fair and made and accepted in good faith.

6.  Applying the test set forth in <u>In re Jiffy Lube Sec. Litig.</u>, 927 F.2d 155, 158-59 (4th Cir. 1991), the settlement is fair, reasonable, and adequate. <u>See also</u> <u>In re Mills Corp. Sec. Litig.</u>, 265 F.R.D. 246 (E.D. Va. 2009). Specifically, as to fairness, the court has examined "(1) the posture of the case at

3

the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of [the] class action litigation." Mills, 265 F.R.D. at 254. The court finds that at the time of the proposed settlement, no formal discovery had been taken but that any likely discovery would have focused primarily on whether the Defendants could assert a bona fide error defense. Even if Defendants could not prove a bona fide error defense, they could have attempted to reduce any damage award. Thus, it is fair to say that there was at least some doubt as to the outcome of the case for class members. Considering this background and the presence of 906 located class members, an award of $7.72 to each qualified class member on a contested claim where statutory damages are capped at $1,000.00 is a superior result providing a real benefit, particularly noting that here the Accepted Offer of Judgment provides class damages in excess of the maximum provided by the FDCPA with respect to three of the four Defendants. See 15 U.S.C. § 1692k(a)(2)(B). Moreover, the case was litigated by experienced and prepared counsel, and the settlement was reached at arms-length. As to adequacy, the court has examined the following factors: "(1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are

4

likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement." Mills, 265 F.R.D. at 254. The court finds that the class members' claims, while disputed, justify the award, particularly considering the statutory cap on the class members' aggregate award available under 15 U.S.C. § 1692k(a)(2)(B). Settlement in this case eliminates costly discovery, motion practice, and trial. Finally, there is no opposition to the settlement, there are no objections, and only two class members opted out. In light of all the above, the court finds that the settlement is fair, reasonable, and adequate.

7. Plaintiff filed a Motion for an Award of Costs and Attorney Fees along with supporting documentation on January 13, 2012 (Docs. 47, 48, 48-1, 49, 50, 52) as well as a Stipulation Regarding Award of Statutory Attorneys' Fees (Doc. 46). Defendants responded on January 17, 2012. (Doc. 53.) The FDCPA mandates the payment of attorneys' fees and costs to a successful consumer absent "the most unusual circumstances," although the calculation of the appropriate award is left to the district court. Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628 (4th Cir. 1995). The court finds Plaintiff is entitled to an award of reasonable costs and attorneys' fees.

5

8. In determining the reasonableness of any fee award, the court applies the factors set forth in EEOC v. Serv. News. Co., 898 F.2d 958, 965 (4th Cir. 1990) (citing the twelve-factor test in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). Applying this twelve-factor test, the court finds that Plaintiff's cost and attorneys' fees request at the stipulated amount is reasonable. Specifically, in considering the time and labor required and the customary fee in the community, the court has reviewed submitted attorney time sheets. The court finds the hours devoted by Plaintiff's counsel to be reasonable and non-duplicative. The court finds the hourly rates of Martin and Bledsoe to be appropriate. Defendants, while not opposing the stipulated costs and attorneys' fees, note that in a similar case in the Eastern District of North Carolina the court rejected the same hourly rates submitted by Shapiro and Bragg. (Doc. 52 at 2-3.) The court need not resolve this issue, however, because the court finds that in light of the experience and skill of Plaintiff's attorneys in the area of consumer protection, in particular the FDCPA, the contingent nature of the case, and the stipulated amount being within the range of awards in similar cases, that there is no reason to vary the award of costs and reasonable attorneys' fees stipulated to by the parties.[1] Although the *pro*

---

[1] The court notes that Class Counsel does not include in their

*rata* class member recovery is less than $10.00, other courts recognize similar results promote the purposes of the FDCPA, particularly in light of the Act's limitation on class action recoveries.

    9.  Taking all the factors into consideration, the court finds that the stipulated costs and attorneys' fees are reasonable and should be approved. These costs and fees, in accord with the parties' stipulation, do not include the costs of administering the settlement, which costs shall be borne by the Defendants. (See Doc. 46 (stipulation); see also Docs. 24 (acceptance of offer of judgment), 24-1 (second offer of judgment).)

    IT IS THEREFORE ORDERED as follows:

    1.  The Accepted Offer of Judgment (Doc. 24-1) is APPROVED.

    2.  Class members Steven A. DeCanio and Karen Ward timely opted out and are EXCLUDED from the class.

    3.  Within THIRTY (30) DAYS of this Order, Defendants shall provide First Class, Inc., or an appropriate settlement administrator designated by Plaintiff, with a check in the amount of Seven Thousand Dollars ($7,000.00), representing the

---

calculation reimbursement for time incurred by attorney Angela O. Martin, who was permitted to withdraw from this case upon her employment by the federal government. (Doc. 49 ¶ 3.) She represents that she expended 27.8 hours and billed at a rate of $225 per hour. (See Doc. 49 ¶¶ 4-5.)

7

Class Fund, for *pro rata* distribution to each class member who did not opt out, who did not object to be excluded from the settlement, and who can be located. Class member checks, which shall be void SIXTY (60) DAYS after issuance, shall be mailed within SIXTY (60) DAYS of this Order. Plaintiff's counsel will administer a *cy pres* award, in the amount of Class Member checks from the $7,000.00 Class Fund not timely cashed, which will be sent to Legal Aid of North Carolina in the name of Sessoms & Rogers, P.A.

3. Within THIRTY (30) DAYS of this Order, Defendants shall provide Plaintiff's attorney Joseph Bledsoe with a check in the amount of One Thousand One Dollars ($1,001.00) for payment of Plaintiff Pamela D. Hall's statutory damages.

4. Pursuant to the Accepted Offer of Judgment, and in accord with the Stipulation of the parties, the court determines that Defendants shall pay Plaintiff Twelve Thousand Two Hundred Seventy Five Dollars ($12,275.00) in full satisfaction of Plaintiff's costs and attorneys' fees. Defendants remain obligated, pursuant to Paragraph 3 of the Accepted Offer of Judgment, to pay for the costs of administration.

5. Upon the performance of all terms of this Order, including the payment of Plaintiff's costs and attorneys' fees awarded by the court, the parties shall file a stipulation advising this court that all terms have been performed.

6. The court retains jurisdiction over the interpretation, enforcement, and implementation of the Accepted Offer of Judgment and of this Order.

                                                   /s/   Thomas D. Schroeder
                                                  United States District Judge

January 26, 2012